UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
FORT PIERCE DIVISION

CASE NO: 03-14193 CIV-MOORE

MAGISTRATE JUDGE LYNCH

MARCGIDE EDMOND,

    Plaintiff,

vs.

JOHN'S ISLAND CLUB,

    Defendant.
_____/

## COMPLAINT FOR DAMAGES AND OTHER RELIEF
### (Jury Trial Demanded)

Plaintiff MARCGIDE EDMOND (hereinafter "EDMOND") sues Defendant JOHN'S ISLAND CLUB, INC. (hereinafter "JOHN'S ISLAND") pursuant to Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. Section 2000 (hereinafter "Title VII") and the anti-retaliation provisions of Florida's Worker's Compensation Law, Florida Statutes Sections 440.205 *et seq.* (hereinafter "Worker's Comp Act") and alleges:

1. Jurisdiction to hear the federal law claim alleged in this judicial complaint is conferred upon this Court by 28 U.S.C. Section 1331. Supplemental jurisdiction to hear the state law claim alleged in this judicial complaint is conferred upon this Court by 28 U.S.C. Section 1367.

2.  Venue is proper in this district because JOHN'S ISLAND has a principal place of business in Indian River County, Florida, and the unlawful acts and practices that gave rise to the claims asserted in this judicial complaint all occurred within Indian River County, Florida.

## PARTIES

3.  EDMOND is *sui juris* and a resident of St. Lucie County, Florida, and he was employed by JOHN'S ISLAND as a Cook from October 1, 2002 until December 15, 2002.

4.  At all material times, JOHN'S ISLAND was an "employer" within the meaning of that term as set forth in Title VII and the Worker's Comp Act.

5.  JOHN'S ISLAND is a corporation which is doing business and has a principal place of business in Indian River County, Florida.

6.  At all material times, JOHN'S ISLAND and certain of its agents and/or supervisory employees engaged in certain unlawful acts and practices which are described elsewhere in this judicial complaint. As a result of said unlawful acts and practices, EDMOND's rights under Title VII and the Worker's Comp Act were violated.

## NATURE OF RELIEF SOUGHT

7. This action is brought to recover from JOHN'S ISLAND wages/salary, employment benefits and other compensation, as well as an additional amount in liquidated damages, interest thereon, compensatory damages, punitive damages, equitable relief in the form of reinstatement, the costs of this suit and reasonable attorney's fees under the applicable provisions of Title VII and the Worker's Comp Act.

## DEMAND FOR JURY TRIAL

8. EDMOND demands a trial by jury of all issues, claims and defenses (if any) so triable as of right in this action pursuant to Fed. R. Civ. P. 38.

## CONDITIONS PRECEDENT

9. EDMOND has complied with all conditions precedent to the bringing of this action, or such conditions have been waived or excused, to-wit:

10A. Before filing this action, EDMOND exhausted his federal and state law administrative remedies by filing a Charge of Discrimination alleging the same or substantially similar conduct by JOHN'S ISLAND as is alleged in this judicial complaint with the U.S. Equal Employment Opportunity Commission (hereinafter "EEOC") in Miami, Florida; and by dual-filing said Charge of Discrimination with the Florida Commission on Human

Relations (hereinafter "FCHR") in Tallahassee, Florida, pursuant to the Worksharing Agreement between the EEOC and the FCHR.

10B.    On May 30, 2003, the EEOC issued to EDMOND its Notice of Suit Rights. A copy of the EEOC's Notice of Suit Rights is attached hereto and marked Exhibit "1". This action was timely filed within ninety (90) days of EDMOND's receipt of the EEOC's Notice of Suit Rights (EDMOND reserves the right to amend this judicial complaint to allege his claim against JOHN'S ISLAND under the FCRA upon the passage of 180 days from the filing of his Charge of Discrimination with the FCHR).

### ATTORNEY'S FEES

11.    Edmond has engaged the services of the undersigned legal counsel to prosecute this action on his behalf and has agreed to pay them a reasonable fee for their services herein.

### ENTITLEMENT TO ATTORNEY'S FEES

12.    Pursuant to the applicable provisions of Title VII, the Worker's Comp Act, Fed. R. Civ. P. 54, and other federal and state laws, EDMOND will be entitled to an award of his reasonable attorney's fees and the costs of this suit if he becomes the prevailing party in this action.

### BACKGROUND FACTS

13.    EDMOND is a black male of Haitian descent.

14. EDMOND was employed with JOHN'S ISLAND as a Cook between October 1, 2002 and December 15, 2002.

15. On December 15, 2002, JOHN'S ISLAND terminated EDMOND's employment.

16. EDMOND's Supervisor, a Sous Chef at JOHN'S ISLAND, Jonathan Kerstein (hereinafter "JK"), and he subjected EDMOND to disparate and discriminatory treatment with respect to the terms, conditions and privileges of employment enjoyed by similarly situated employees outside EDMOND's classification (black/Haitian).

17. For example, JK would almost never speak directly to EDMOND, choosing instead to give EDMOND his orders through other employees.

18. Additionally, similarly situated employee outside EDMOND's classification (black/Haitian) were allowed to clock in upon their arrival, even if they arrive for work before the scheduled commencement of their work shifts, whereas EDMOND was not allowed to clock in until his scheduled shift. Moreover, JK did not allow EDMOND to take 30 minute breaks as he did other employees.

19. In late November - early December of 2003, EDMOND complained to another Sous Chef at JOHN'S ISLAND (hereinafter

"Chris") about the disparate treatment that he was being accorded by JK.

20. Thereafter, EDMOND was issued a written warning by JK. When EDMOND approached JFK to excess his disagreement with the written warning, JK took him to the restroom (instead of his office) where he told him, "Because you spoke with Chris [about me], I will show you. I am the boss here."

21. On numerous occasions when EDMOND protested that JK had cursed at him, called him names and embarrassed him in front of his co-workers, or requested that JK give the menu directly to him to avoid delays and misunderstandings, JK would respond: "Don't question me, nigger."

22. On October 25, 2002, EDMOND sustained an on-the-job injury that resulted in his having to seek medical treatment from JOHN'S ISLAND's worker's compensation physicians, (and eventually surgery), missing days of work, being placed on "modified duty," and ultimately filing a claim for worker's compensation benefits against JOHN'S ISLAND.

23. Thereafter, on at least one occasion, JK refused to let EDMOND leave work for a scheduled doctor's appointment. Indeed, on the day of EDMOND's termination (December 15, 2002), he approached JOHN'S ISLAND's Chef of the Culinary Department, John Fainsworth (hereinafter "JF"), to complain about having

missed his doctor's appointment because of JK. JF responded: "Get out of my office, I don't have time for you," and "Whatever my Sous Chef [JK] did, I support him. Your doctor calls us here to let you leave for an appointment while we have work to do. You're sick, we don't need sick people here, you can't work. Go home, bring me the uniform. I don't have a job for you. Now I am sure you will have time to see your doctor."

24. As EDMOND left the premises of JOHN'S ISLAND on Dedember 15, 2002, JK stated: "Get out of here, fucking nigger. Don't mess with me," while EDMOND's co-workers laughed at him.

25. Prior to his termination and after he complained to Chris, EDMOND's work hours were reduced by JK from an average of 45-48 hours per week to an average of 30-32 hours per week.

## COUNT I - VIOLATIONS OF TITLE VII

26. EDMOND adopts and by reference thereto alleges paragraphs 1 through 25 above as though fully set forth herein.

27. JOHN'S ISLAND subjected EDMOND to disparate, discriminatory and retaliatory treatment with respect to terms, conditions and privileges of his employment and when it terminated his employment on December 15, 2002. Moreover, JOHN'S ISLAND subjected EDMOND to a racially hostile work environment.

28. As a direct and proximate result of the intolerable, intentional and premeditated discriminatory and

retaliatory acts committed by JOHN'S ISLAND, EDMOND has been damaged.

29.  EDMOND's damages include back pay and future pay, future pecuniary losses, medical costs and expenses, emotional and physical pain and suffering, humiliation, inconvenience, mental anguish, loss of enjoyment of like and other non-pecuniary losses. These damages are sought pursuant to Title VII.

**WHEREFORE**, EDMOND demands a judgment against JOHN'S ISLAND for back and front pay, compensatory damages, punitive damages, attorney's fees, costs, pre-judgment and post-judgment interest, injunctive relief in the form of reinstatement by JOHN'S ISLAND to the position of Cook that EDMOND occupied as of December 15, 2002, and any and all further relief that this Court deems just and proper.

### COUNT II - VIOLATION OF WORKER'S COMP ACT

30.  EDMOND adopts and by reference thereto realleges paragraphs 1 through 25 above as though fully set forth herein.

31.  JOHN'S ISLAND terminated EDMOND's employment in retaliation for his HAVING sustained an on-the-job injury that required his missing work in order to undergo medical treatment by company's worker's compensation physicians, (and eventually will require surgery), being placed on "modified duty", and

8

filing a claim for worker's compensation benefits against JOHN'S ISLAND.

32. JOHN'S ISLAND's termination of EDMOND's employment on December 15, 2002 in retaliation for his sustaining an on-the-job injury that required him to file a claim for worker's compensation benefits against JOHN'S ISLAND was not based on reasonable grounds and was not in good faith.

33. As a result of JOHN'S ISLAND's lack of good faith and/or reasonable grounds in terminating EDMOND's employment and thereby disregarding his rights under the Worker's Comp Act, EDMOND is entitled to liquidated damages in an amount equal to all of his lost wages/salary, employment benefits and other compensation and interest thereon.

WHEREFORE, EDMOND demands judgment against JOHN'S ISLAND for payment of all his lost wages/salary, employment benefits and other compensation, an equal amount in liquidated damages, interest thereon, reinstatement, the costs of this suit including a reasonable attorney's fee, and any and all relief that this Court deems just and proper under the circumstances of this case.

Dated: 7/11/03

MANZINI & ASSOCIATES, P.A.
Attorneys for Plaintiff
Alfred I. duPont Building, Suite 1500
169 East Flagler Street
Miami, Florida 33131
Telephone Number: (305) 577-9903
Fax Number: (305) 577-6121

By: _____
    NICOLAS A. MANZINI, ESQ.
    Fla. Bar No: 248827

10

| | |
|---|---|
| **Equal Employment Opportunity Commission** | |
| **DISMISSAL AND NOTICE OF RIGHTS** | |

| To: Marcgide Edmond<br>P.O. Box 5557<br>Fort Pierce, FL 34954 | From: Miami District Office<br>Equal Employment Opportunity Commission<br>One Biscayne Tower, Suite 2700<br>2 South Biscayne Boulevard<br>Miami, Florida 33131-1805 |
|---|---|
| ☐ On behalf of a person aggrieved whose identity is CONFIDENTIAL (29 CFR § 1601.7(a)) | |

| Charge Number<br>150-2003-01293 | EEOC Representative<br>David J. Smith, Investigator | Telephone No.<br>(305) 536-4491 or (305) 536-7244 |
|---|---|---|

**THE EEOC IS CLOSING ITS FILE ON THIS CHARGE FOR THE FOLLOWING REASON:**

☐ The facts alleged in the charge fail to state a claim under any of the statutes enforced by the EEOC.

☐ Your allegations did not involve a disability that is covered by the Americans with Disabilities Act.

☐ The Respondent employs less than the required number of employees or is not otherwise covered by the statutes.

☐ We cannot investigate your charge because it was not filed within the time limit required by law.

☐ Having been given 30 days in which to respond, you failed to provide information, failed to appear or be available for interviews/conferences, or otherwise failed to cooperate to the extent that it was not possible to resolve your charge.

☐ While reasonable efforts were made to locate you, we were not able to do so.

☐ You had 30 days to accept a reasonable settlement offer that affords full relief for the harm you alleged.

☒ The EEOC issues the following determination: Based upon its investigation, the EEOC is unable to conclude that the information obtained establishes violations of the statutes. This does not certify that the respondent is in compliance with the statutes. No finding is made as to any other issues that might be construed as having been raised by this charge.

☐ The EEOC has adopted the findings of the state or local fair employment practices agency that investigated this charge.

☐ Other (briefly state)

**-- NOTICE OF SUIT RIGHTS --**
*(See the additional Information attached to this form.)*

**Title VII, the Americans with Disabilities Act, and/or Age Discrimination in Employment Act:** This will be the only notice of dismissal and of your right to sue that we will send you. You may pursue this matter further by bringing suit in federal or state court against the respondent(s) named in the charge. **If you decide to sue, you must sue WITHIN 90 DAYS from your receipt of this Notice.** Otherwise your right to sue based on the above-numbered charge will be lost.

**Equal Pay Act (EPA):** EPA suits must be filed in federal or state court within 2 years (3 years for willful violations) of the alleged EPA underpayment. This means that **backpay due for any violations that occurred more than 2 years (3 years)** before you file suit may not be collectible. (If you file suit, please send a copy of your court complaint to this office.)

MAY 3 0 2003
(Date Mailed)

On behalf of the Commission
Federico Costales, District Director

cc:
John's Island Club
c/o Collins, Brown, Caldwell, et.al.
attn: Bruce Barkett
P.O. Box 64-3686
Vero Beach, FL 32964-3686

cc:

EEOC Form 161 (10/96)

EXH. "1"

## INFORMATION RELATED TO FILING SUIT UNDER THE LAWS ENFORCED BY THE EEOC

*(This information relates to filing suit in Federal or State court under Federal law.
If you also plan to sue claiming violations of State law, please be aware that time limits and other
provisions of State law may be shorter or more limited than those described below.)*

**PRIVATE SUIT RIGHTS --**   Title VII of the Civil Rights Act, the Americans with Disabilities Act (ADA), or the Age Discrimination in Employment Act (ADEA):

In order to pursue this matter further, you must file lawsuit against the respondent(s) named in the charge **within 90 days of the date you receive this Notice**. Therefore, you should **keep a record of this date**. Once this 90-day period is over, your right to sue based on the charge referred to in this Notice will be lost. If you intend to consult an attorney, you should do so promptly. Furthermore, in order to avoid any question that you did not act in a timely manner, it is prudent that your suit be filed **within 90 days of the date this Notice was mailed to you** (as indicated where the Notice is signed).

Your lawsuit may be filed in U.S. District Court or a State court of competent jurisdiction. (Usually, the appropriate State court is the general civil trial court.) Whether you file in Federal or State court is a matter for you to decide after talking to your attorney. Filing this Notice is not enough. You must file a "complaint" that contains a short statement of the facts of your case which shows that you are entitled to relief. Your suit may include any matter alleged in the charge or, to the extent permitted by court decisions, matters like or related to the matters alleged in the charge. Generally, suits are brought in the State where the alleged unlawful practice occurred, but in some cases can be brought where relevant employment records are kept, where the employment would have been, or where the respondent has its main office. If you have simple questions, you usually can get answers from the office of the clerk of the court where you are bringing suit, but do not expect that office to write your complaint or make legal strategy decisions for you.

**PRIVATE SUIT RIGHTS -- Equal Pay Act (EPA):**

EPA suits must be filed in court within 2 years (3 years for willful violations) of the alleged EPA underpayment: backpay due for violations that occurred **more than 2 years (3 years) before you file suit** may not be collectible. For example, if you were underpaid under the EPA for work performed from 7/1/96 to 12/1/96, you should file suit before 7/1/98 -- not 12/1/98 -- in order to recover unpaid wages due for July 1996. This time limit for filing an EPA suit is separate from the 90-day filing period under Title VII, the ADA or the ADEA referred to above. Therefore, if you also plan to sue under Title VII, the ADA or the ADEA, in addition to suing on the EPA claim, suit must be filed within 90 days of this Notice **and** within the 2- or 3-year EPA back pay recovery period.

**ATTORNEY REPRESENTATION -- Title VII and the ADA:**

If you cannot afford or have been unable to obtain a lawyer to represent you, the U.S. District Court having jurisdiction in your case may, in limited circumstances, assist you in obtaining a lawyer. Requests for such assistance must be made to the U.S. District Court in the form and manner it requires (you should be prepared to explain in detail your efforts to retain an attorney). Requests should be made well before the end of the 90-day period mentioned above, because such requests do **not** relieve you of the requirement to bring suit within 90 days.

**ATTORNEY REFERRAL AND EEOC ASSISTANCE -- All Statutes:**

You may contact the EEOC representative shown on your Notice if you need help in finding a lawyer or if you have any questions about your legal rights, including advice on which U.S. District Court can hear your case. If you need to inspect or obtain a copy of information in EEOC's file on the charge, please request it promptly in writing and provide your charge number (as shown on your Notice). While EEOC destroys charge files after a certain time, all charges are kept for at least 6 months after our last action on the case. Therefore, if you file suit and want to review the charge file, **please make your review request within 6 months of this Notice**. (Before filing suit, any request should be made within the next 90 days.)

**IF YOU FILE SUIT, PLEASE SEND A COPY OF YOUR COURT COMPLAINT TO THIS OFFICE.**

# CIVIL COVER SHEET

The JS-44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleading or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

**I (a) PLAINTIFFS**
MARCGIDE EDMOND

**DEFENDANTS**
JOHN'S ISLAND CLUB

03-14193 CIV-MOORE

2003 JUL 14 PM
CLARENCE MADDOX
CLERK U.S. DIST. CT.
S.D. OF FLA. - FT. P.

**(b) COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF** ST. LUCIE
(EXCEPT IN U.S. PLAINTIFF CASES)

**COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT** INDIAN RIVER
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED

MAGISTRATE JUDGE LYNCH

2:03CV14193 Moore/PSL

**(c) ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER)**
Nicolas A. Manzini, Esq., 169 East Flagler St. #1500, Miami, FL 33131
Tel: (305) 577-9903

**ATTORNEYS (IF KNOWN)** Bruce Barkett, Esq. et al.,
P.O. Box 64.3686, Vero Beach, FL 32964
Tel: (772) 231-4343

**(d) CIRCLE COUNTY WHERE ACTION AROSE:**
DADE, MONROE, BROWARD, PALM BEACH, MARTIN, ST. LUCIE, (INDIAN RIVER), OKEECHOBEE, HIGHLANDS

**II. BASIS OF JURISDICTION** (PLACE AN X ONE BOX ONLY)
- ☐ 1. U.S. Government Plaintiff
- ☒ 3. Federal Question (U.S. Government Not a Party)
- ☐ 2. U.S. Government Defendant
- ☐ 4. Diversity (Indicate Citizenship of Parties in Item III)

**III. CITIZENSHIP OF PRINCIPAL PARTIES** (For Diversity Case Only)
(PLACE AN X IN ONE BOX FOR PLAINTIFF AND ONE BOX FOR DEFENDANT)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☒ 1 | ☐ 1 | Incorporated of Principal Place of Business in This State | ☐ 4 | ☒ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business in Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

**IV. CAUSE OF ACTION** (CITE THE U.S. CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE A BRIEF STATEMENT OF CAUSE. DO NOT CITE JURISDICTIONAL STATUTES UNLESS DIVERSITY.)
42 U.S.C. Section 2000e

**IVa.** 3 days estimated (for both sides) to try entire case

**V. NATURE OF SUIT** (PLACE AN X IN ONE BOX ONLY)

| A CONTRACT | A TORTS | B FORFEITURE/PENALTY | A BANKRUPTCY | A OTHER STATUS |
|---|---|---|---|---|
| ☐ 110 Insurance | PERSONAL INJURY | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal 28 USC 157 | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 362 Personal Injury-Med Malpractice | A PROPERTY RIGHTS | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | ☐ 365 Personal Injury-Product Liability | ☐ 820 Copyrights | ☐ 450 Commerce/ICC Rates/etc B |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 830 Patent | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 340 Marine | PERSONAL PROPERTY | ☐ 840 Trademark | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl Veterans) B | ☐ 345 Marine Product Liability | ☐ 370 Other Fraud | B SOCIAL SECURITY | ☐ 810 Selective Service |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits B | ☐ 350 Motor Vehicle | ☐ 371 Truth in Lending B | ☐ 861 HIA (1395ff) | ☐ 850 Securities/Commodities/Exchange |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 380 Other Personal Property Damage | ☐ 862 Black Lung (923) | ☐ 875 Customer Challenge 12USC3410 |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury | ☐ 385 Property Damage Product Liability | ☐ 863 DIWC/DIWW (405(g)) | ☐ 891 Agricultural Acts |
| ☐ 195 Contract Product Liability | | A LABOR | ☐ 864 SSID Title XVI | ☐ 892 Economic Stabilization Act |
| | | ☐ 710 Fair Labor Standards Act | ☐ 865 RSI (405(g)) | ☐ 893 Environmental Matters |
| A REAL PROPERTY | A CIVIL RIGHTS | ☐ 720 Labor/Management Relations B | | |
| | | ☐ 730 Labor/Management Reporting & Disclosure Act | A FEDERAL TAX SUITS | ☐ 894 Energy Allocation Act |
| ☐ 210 Land Condemnation | ☐ 441 Voting | B PRISONER PETITIONS | | |
| ☐ 220 Foreclosure B | ☒ 442 Employment | ☐ 510 Motions to Vacate Sentence | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 895 Freedom of Information Act |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/Accommodations | Habeas Corpus | ☐ 871 IRS-Third Party 26 USC 7609 | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 240 Torts to Land | ☐ 444 Welfare | ☐ 530 General | ☐ 740 Railway Labor Act | ☐ 950 Constitutionality of State Statutes |
| ☐ 245 Tort Product Liability | ☐ 440 Other Civil Rights | ☐ 535 Death Penalty | ☐ 790 Other Labor Litigation | ☐ 890 Other Statutory Actions |
| ☐ 290 All Other Real Property | | ☐ 540 Mandamus & Other | ☐ 791 Employee Ret. Inc. Security Act B | * A or B |
| | | ☐ 550 Civil Rights * A or B | | |

**VI. ORIGIN** (PLACE AN X IN ONE BOX ONLY)
- ☒ 1. Original Proceeding
- ☐ 2. Removed From State Court
- ☐ 3. Remanded from Appellate Court
- ☐ 4. Refiled
- ☐ 5. Transferred from another district (Specify)
- ☐ 6. Multidistrict Litigation
- ☐ 7. Appeal to District Judge from Magistrate Judgment

**VII. REQUESTED IN COMPLAINT**
CHECK IF THIS IS A CLASS ACTION ☐ UNDER F.R.C.P. 23
DEMAND $
☒ Check YES only if demanded in complaint:
JURY DEMAND: ☒ YES ☐ NO

**VIII. RELATED CASE(S) IF ANY** (See Instructions):
JUDGE _____   DOCKET NUMBER _____

**DATE** 7/1/03

**SIGNATURE OF ATTORNEY OF RECORD**
Nicolas A. Manzini

**Amount:** $150.00

UNITED STATES DISTRICT COURT
S.F 1-2
REV. 9-94

FOR OFFICE USE ONLY: Receipt No. 22996
Date Paid: 7/14/03

M/fp: _____