UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 03-14193-CIV-MOORE/LYNCH

MARCGIDE EDMOND,

       Plaintiff,

v.

JOHN'S ISLAND CLUB, INC.,

       Defendant.

_____/

## DEFENDANT, JOHN'S ISLAND CLUB, INC.'S ANSWER
## AND AFFIRMATIVE DEFENSES TO COMPLAINT
## AND DEMAND FOR JURY TRIAL

Defendant, JOHN'S ISLAND CLUB, INC., by and through it undersigned counsel, files its

Answer and Affirmative Defenses to Plaintiff's Complaint, and in support, states as follows:

1.      Defendant admits for jurisdictional purposes that this Court has jurisdiction over this

matter based on the federal claim and, in addition, has supplemental jurisdiction over the state claim

pursuant to 28 U.S.C. §§ 1331, 1367 as alleged in Paragraph 1 of the Complaint. However,

Defendant denies that Plaintiff is entitled to the relief requested in this action and demands strict

proof thereof.

2.      Defendant admits for venue purposes that venue is proper in this district because

Defendant has a principal place of business in Indian River County, Florida as alleged in Paragraph

2 of the Complaint. However, Defendant denies the remaining allegations contained in Paragraph

2 of the Complaint and demands strict proof thereof.

3.      Defendant admits that Plaintiff was employed by Defendant as a cook from October 1, 2002 until December 15, 2002 as alleged in Paragraph 3 of the Complaint. However, Defendant is without sufficient knowledge to admit or deny the remaining allegations contained in Paragraph 3 of the Complaint; therefore, they are denied and Defendant demands strict proof thereof.

4.      Defendant admits the allegations contained in Paragraph 4 of the Complaint.

5.      Defendant admits the allegations contained in Paragraph 5 of the Complaint.

6.      Defendant denies the allegations contained in Paragraph 6 of the Complaint and demands strict proof thereof.

7.      Defendant admits that Plaintiff is seeking relief as alleged in Paragraph 7 of the Complaint. However, Defendant denies that Plaintiff is entitled to the relief requested in this action and demands strict proof thereof.

8.      Defendant admits that Plaintiff is entitled to a jury trial on his claims. However, Defendant denies that Plaintiff is entitled to the relief requested in this action and demands strict proof thereof.

9.      Defendant admits the allegations contained in Paragraph 9 of the Complaint.

10A.    Defendant admits the allegations contained in Paragraph 10A of the Complaint.

10B.    Defendant admits that the EEOC issued a right to sue letter on May 30, 2003 and that Plaintiff filed his complaint within 90 days of the issuance of that letter. Defendant is without sufficient knowledge to admit or deny the remaining allegations in Paragraph 10B of the Complaint and demands strict proof thereof.

11.     Defendant is without sufficient knowledge to admit or deny the allegations contained in Paragraph 11 of the Complaint and demands strict proof thereof.

-2-

12.     Defendant denies the allegations contained in Paragraph 12 of the Complaint as stated and demands strict proof thereof.

13.     Defendant admits the allegations contained in Paragraph 13 of the Complaint.

14.     Defendant admits the allegations contained in Paragraph 14 of the Complaint.

15.     Defendant admits the allegations contained in Paragraph 15 of the Complaint.

16.     Defendant admits that Plaintiff's supervisor was Jonathan Kerstein as alleged in Paragraph 16 of the Complaint.  However, Defendant denies the remaining allegations contained in Paragraph 16 of the Complaint and demands strict proof thereof.

17.     Defendant denies the allegations contained in Paragraph 17 of the Complaint and demands strict proof thereof.

18.     Defendant denies the allegations contained in Paragraph 18 of the Complaint and demands strict proof thereof.

19.     Defendant denies the allegations contained in Paragraph 19 of the Complain and demands strict proof thereof.

20.     Defendant denies the allegations contained in Paragraph 20 of the Complaint and demands strict proof thereof.

21.     Defendant denies the allegations contained in Paragraph 21 of the Complaint and demands strict proof thereof.

22.     Defendant is without sufficient knowledge to admit or deny the allegations contained in Paragraph 22 of the Complaint and demands strict proof thereof.

23.     Defendant denies the allegations contained in Paragraph 23 of the Complaint and demands strict proof thereof.

KUBICKI DRAPER • 25 West Flagler Street • Miami, Florida 33130 • Tel (305) 374-1212

24.    Defendant denies the allegations contained in Paragraph 24 of the Complaint and demands strict proof thereof.

25.    Defendant denies the allegations contained in Paragraph 25 of the Complaint and demands strict proof thereof.

26.    Defendant re-affirms and re-avers its prior answers to Paragraphs 1 through 25 of the Complaint.

27.    Defendant denies the allegations contained in Paragraph 27 of the Complaint and demands strict proof thereof.

28.    Defendant denies the allegations contained in Paragraph 28 of the Complaint and demands strict proof thereof.

29.    Defendant denies the allegations contained in Paragraph 29 of the Complaint and demands strict proof thereof.   Defendant denies that Plaintiff is entitled to the relief requested in his prayer for relief and demands strict proof thereof.

30.    Defendant re-affirms and re-avers its prior answers to Paragraphs 1 through 25 of the Complaint.

31.    Defendant denies the allegations contained in Paragraph 31 of the Complaint and demands strict proof thereof.

32.    Defendant denies the allegations contained in Paragraph 32 of the Complaint and demands strict proof thereof.

33.    Defendant denies the allegations contained in Paragraph 33 of the Complaint and demands strict proof thereof.   Defendant denies that Plaintiff is entitled to the relief requested in his prayer for relief and demands strict proof thereof.

-4-

34.    Any allegations specifically not admitted herein are denied.

35.    Defendant is not guilty.

## AFFIRMATIVE DEFENSES

1.    Defendant asserts that the Complaint fails to state a claim for relief under Title VII and, to the extent of same, the Plaintiff is barred from recovery.

2.    Defendant asserts that the Complaint fails to state a claim for relief under § 440.205, Florida Statutes, and, to the extent of same, the Plaintiff is barred from recovery.

3.    Defendant asserts that Plaintiff has failed to state a cause of action for retaliation.

4.    Defendant asserts that Plaintiff is barred from recovery because he was an employee-at-will.

5.    Defendant asserts that Plaintiff is barred from recovery because he was not discharged for or because of or based upon any retaliatory motive or intent.

6.    Defendant asserts that Plaintiff is barred from recovery because he was discharged for legitimate, business reasons.

7.    Without conceding any inappropriate or illegal behavior occurred, all employment decisions related to Plaintiffs were performed or carried out in good faith based upon reasonable grounds for believing that the conduct was not in violation of any laws or statutes.

8.    Defendant asserts that Defendant is entitled to the protection of workers' compensation immunity under § 440.11, Florida Statutes, which immunizes employers from tort liability for employee's injuries other than those inflicted by intentional tort. Defendant properly secured workers' compensation coverage. Workers' compensation immunity bars some of Plaintiff's Claims.

-5-

9.      Defendant asserts that Plaintiff is barred from recovery because he cannot establish causation between Plaintiff's alleged adverse employment action and either Defendant's knowledge that Plaintiff had suffered a work-related injury that might give rise to a future claim for workers' compensation benefits and/or Defendant's knowledge that Plaintiff filed a workers' compensation claim.

10.     Defendant asserts that Plaintiff is barred from recovery because he did not suffer an adverse employment action by reason of Plaintiff filing or attempting to file a workers' compensation claim.

11.     Defendant asserts that Plaintiff cannot bring claims in this lawsuit that were not included in his EEOC or FCHR charges.

12.     Defendant asserts that Plaintiff is barred from recovering for his alleged loss earnings because Defendant's termination of Plaintiff had no impact on his ability to seek other viable employment.

13.     Defendant asserts that Plaintiff is barred from recovery because no adverse action was taken against Plaintiff for or because of or based upon any discriminatory and/or retaliatory motive.

14.     Defendant asserts that Plaintiff is barred from recovery because discriminatory intent was not the basis for any employment decision.

15.     Defendant asserts that Plaintiff is barred from recovery because Plaintiff never engaged in protected activity entitling him to any protections under Title VII.

16.     Defendant asserts that Plaintiff is barred from recovery because Plaintiff never engaged in protected activity entitling him to any protections under § 440.205, Florida Statutes.

-6-

17.    Defendant asserts that Plaintiff is barred from recovery because he cannot establish causation between his alleged engagement in protected activity and his alleged adverse employment action.

18.    Defendant asserts that at all relevant times, Defendant exercised reasonable care to prevent and correct promptly any harassing or discriminatory behavior, including an express policy against discrimination, and the implementation of a procedure specifically designed to resolve discrimination claims and the Plaintiff unreasonably failed to take advantage of any preventive or corrective opportunities provided by Defendant or to avoid harm otherwise.

19.    Defendant asserts that Plaintiff's damages are limited to those explicitly provided for under Title VII and the damages cap as set forth in 42 U.S.C. § 1981a.

20.    Defendant asserts that Plaintiff is barred from recovering  damages not authorized as recoverable under  under § 440.205 ("Section 205"), Florida Statutes, including, but not limited to his claims for damages for mental pain and suffering and humiliation as well as his claims for attorneys fees and costs.

21.    Plaintiff is barred from recovering damages not authorized as recoverable under § 440.205, Florida Statutes, including, but not limited to, his claims for damages for emotional pain and suffering, humiliation, inconvenience, mental anguish and loss of enjoyment of life as well as his claims for attorney's fees and costs.

22.    Plaintiff is barred from recovering for his alleged claims of emotional pain and suffering, humiliation, inconvenience, mental anguish and loss of enjoyment of life because said conduct was not outrageous or extreme.

KUBICKI DRAPER • 25 West Flagler Street • Miami, Florida 33130 • Tel (305) 374-1212

23.     Plaintiff is barred from recovery and/or any potential recovery is limited by the applicable statute of limitations.

24.     Defendant asserts that Plaintiff is barred from recovery for failure to mitigate his damages.

25.     Defendant asserts that Plaintiff's damages are limited by any collateral source.

26.     Defendant states that, to the extent he has any grounds for recovery, said recovery must be set off from what he received in connection with the settlement of his workers' compensation claim.

27.     Defendant asserts that Plaintiff's request for attorney's fees and costs is discretionary before this Court; therefore, the amount awarded - if any - must be limited by Title VII's requirements including, but not limited to, the prerequisite that Plaintiff is successful on the merits, and the requisite requirement that the fees and cost award be reasonable and necessary.

28.     Defendant asserts that Plaintiff has sustained no injury or damage as a result of any action or inaction taken by Defendant.

29.     Defendant asserts that the damages claimed by the Plaintiff are speculative and therefore, not recoverable.

30.     Without conceding liability or that Plaintiffs have suffered any damages, any damages to which Plaintiffs might be entitled are subject to the limitations set forth in the governing statutes and the due process limitations of the Fifth Amendment.

31.     Without conceding liability, if Plaintiffs have suffered injuries or emotional distress as alleged, then Defendant is not liable for these injuries since these injuries are not the result of conduct by Defendant.

-8-

32.    Defendant asserts that Plaintiff acted in such a manner as to cause all or part of his damages and therefore, his recovery, if any, should be barred or reduced accordingly.

33.    Without conceding liability, Plaintiffs' damages are limited by the doctrine of after-acquired evidence.

34.    To the extent Plaintiffs allege intentional unlawful conduct by a manager or supervisor employed by Defendant, without conceding any inappropriate or illegal behavior occurred, any such conduct would have been contrary to Defendant's express written policies against discrimination and thus would be beyond the scope of any actual or apparent authority possessed by the manager or supervisor and were not ratified, confirmed, or approved by Defendant.  Thus, any such actions cannot be attributed or imputed to Defendant.

35.    Without conceding any inappropriate or illegal behavior occurred, if Plaintiffs can state a claim, the Defendant reserves the right to rely upon a "mixed motive" defense because even if Plaintiffs provide evidence that Defendant, in making any adverse employment decision(s), was motivated in part by an impermissible consideration, Defendant would have taken the same employment actions even in the absence of the discriminatory consideration.

36.    Plaintiffs cannot recover pursuant to multiple statutes, for multiple claims, for the same alleged actions and injuries.

## RESERVATION

Defendant reserves the right to amend and/or supplement answers and its affirmative defenses and/or to assert additional defenses upon the particularization of Plaintiff's claims, upon discovery and review of additional documents and information, and upon the development of other pertinent facts as discovery progresses.

-9-

## DEMAND FOR JURY TRIAL

Defendant hereby demands a jury trial of all issues so triable.

WHEREFORE, Defendant, JOHN'S ISLAND CLUB, demands that judgment be entered in its favor and against Plaintiffs on any and all of Plaintiffs' claims. Defendant further requests that this Court award Defendant its attorneys' fees and costs incurred as the prevailing party in this action.

Respectfully submitted,

KUBICKI DRAPER
Attorneys for Defendant
City National Bank Building
25 West Flagler Street, PH
Miami, Florida   33130
Tel: (305) 982-6612
Fax. (305) 374-7846

By: _____
ELIZABETH M. RODRIGUEZ
Florida Bar No. 821690

## CERTIFICATE OF SERVICE

WE HEREBY CERTIFY that a true and correct copy of the foregoing was faxed and mailed this 16th day of  September , 2003 to: Nicolas A. Manzini Esq., Manzini & Associates, P.A., Alfred I. DuPont Building, Suite 1500, 169 East Flagler Street, Miami, FL 33131

_____
ELIZABETH M. RODRIGUEZ

-10-